UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| ANDREW PROKOS, | \| |
| Plaintiff, | \| |
| v. | \| Civil Action No. _____ |
| OTB Media, LLC., James Harvey Joyner, Jr., and John Does 1-10, | \| |
| Defendants. | \| |

Complaint for 1) Copyright Infringement and 2) Violation of the Digital Millennium Copyright Act

Plaintiff Andrew Prokos ("Prokos" or "Plaintiff"), by and through his undersigned attorneys, hereby prays for relief based on the following:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338(a) and (b).

2. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that defendants are both citizens of and are doing business in Virginia, that Prokos was damaged in this judicial district, and this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

3. Plaintiff Andrew Prokos is a renowned professional photographer.

4. Prokos is informed and believes and thereon alleges that Defendant OTB Media, LLC ("OTB") is a Virginia Limited Liability Company registered to do business and doing business in Fairfax County, Virginia.

5. Prokos is further informed and believes and thereon alleges that Defendant James Harvey Joyner Jr. ("Joyner") is an individual resident of Virginia, residing and working in Fairfax County. Joyner is a member and/or manager of OTB.

6. Defendants JOHN DOES 1-10, inclusive, are other parties not yet identified who have infringed Prokos's copyrights, have contributed to the infringement of Prokos's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Prokos, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Prokos is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Prokos's rights and the damages to Prokos proximately caused thereby.

## CLAIMS RELATED TO PROKOS'S PHOTOGRAPH

8. Prokos is a renowned and award-winning professional artist who earns his livelihood through the sale and licensing of his photograph and photography services.

9. Prokos created a photograph of the ceiling of the US Capitol Rotunda in Washington, D.C. This photograph ("Subject Photograph") is the subject of this dispute. The title of the photograph is "US Capitol Interior I". The Subject Photograph is an original photograph composed by Prokos. Prokos is the owner of the photograph, which was registered

with the United States Copyright Office in 2006. A true and correct copy of the photograph is reproduced below:



10.     Prokos is informed and believes and thereon alleges that Defendants operate a website at https://www.outsidethebeltway.com (the "Website") where they conduct business, advertise for business, solicit donations and sponsorships, promote their business and generate income by soliciting business.

11.     In or about May 2022, Prokos discovered that Defendants, and each of them, were displaying the Subject Photograph on multiple pages of the Website without Prokos's authorization. Defendants unlawfully used the Subject Photograph to market, advertise and generate income for Defendants' own businesses.

12.     Prokos's investigation revealed that Defendants, and each of them, also reproduced, distributed and /or licensed the Subject Photograph to other parties to use and display in violation of Prokos's exclusive rights to reproduce and/or distribute the Subject Photograph.  Prokos has been unable to determine the extent of Defendants' unlawful reproduction and/or distribution of the Subject Photograph.

13.     Defendants do not and never had authorization to display or otherwise use the Subject Photograph.  True and correct screenshots of just some of Defendants' infringing uses of the Subject Photograph on the Website are reproduced below:

14.     "Infringing Photograph 1":



15.     "Infringing Photograph 2":



16. "Infringing Photograph 3":



## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

17. Prokos repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

18. Prokos is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through viewing the Subject Photograph on the World Wide Web.

19. Prokos is informed and believes and thereon alleges that Defendants, and each of them, used and displayed the Subject Photograph on the Website.

20. Prokos is informed and believes and thereon alleges that the Infringing Photograph used by Defendants and shown above, uses the same elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the Subject Photograph and are identical or at least substantially similar to the Subject Photograph.

21. Prokos is informed and believes and thereon alleges that Defendants, and each of them, infringed Prokos's copyrights by copying the Subject Photograph and publishing,

5

displaying and distributing the Infringing Photograph to the public, including without limitation, on the Website and/or in physical form without Prokos's authorization or consent.

22.     Due to Defendants', and each of their, acts of infringement, Prokos has suffered general and special damages in an amount to be established at trial.

23.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Prokos's rights in the Subject Photograph. As such, Prokos is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph in an amount to be established at trial.

24.     Prokos is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Prokos will make his election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202)

25.     Prokos repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26.     Prokos is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202 by intentionally removing and/or altering the copyright management information, including information identifying Prokos as the author and owner of, the

Subject Photograph, and distributing copyright management information with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the material, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

27. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties pursuant to 17 USC § 1203 and other applicable law.

28. Prokos is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Prokos resultantly seeks enhanced damage and penalties.

Wherefore, Prokos prays for judgment as follows:

### **Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Prokos's copyrights in the Subject photograph, including, without limitation, an order requiring Defendants, and each of them, to remove the Infringing Photograph from any print, web, or other publication owned, operated or controlled by any Defendant.

b. That Prokos be awarded all profits of Defendants, and each of them, plus all losses of Prokos, plus any other monetary advantage gained by the Defendants, and

each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under 17 U.S.C. § 504, and other applicable law.

    c.    That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Prokos's intellectual property rights;

    d.    That Prokos be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

    e.    That Prokos be awarded his costs and fees under the statutes set forth above;

    f.    That Prokos be awarded statutory damages and/or penalties under the statues set forth above;

    g.    That Prokos be awarded pre-judgment interest as allowed by law;

    h.    That Prokos be awarded the costs of this action; and

    i.    That Prokos be awarded such further legal and equitable relief as the Court deems proper.

Prokos demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: February 19, 2025

                                            Respectfully submitted:

                                            Andrew Prokos
                                            By Counsel

_____*/s Jonathan Westreich, Esq.*_____
Jonathan Westreich, Esq.
VSB No. 37393
Greenberg & Lieberman, LLC (of counsel)
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050
jonathan@westreichlaw.com

Stevan Lieberman, Esq.
Not admitted in Virginia
Greenberg & Lieberman, LLC
1775 Eye Street, N.W., Suite 1150
Washington, D.C. 20006
202-625-7016
stevan@aplegal.com

Michael D. Steger, Esq.
VSB 72058
Law Offices of Michael D. Steger, PC
30 Ramland Road, Suite 201
Orangeburg, NY 10962
(845) 359-4600
(845) 638-2707 (fax)
msteger@steger-law.com

                        Attorneys for Plaintiff Andrew Prokos